(102 So. 304)

No. 26737.

### ROGERS v. THERMATOMIC CARBON CO.

(Nov. 3, 1924. Rehearing Denied Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** ☞419 — **Judgment awarding compensation cannot be modified on cessation of incapacity until year from time judgment became operative.**

Act No. 38 of 1918, § 20, permitting modification of judgments, awarding compensation under Employers' Liability Act (Acts 1914, No. 20), by reducing compensation on ground of decrease in employee's incapacity, impliedly authorizes modification, so as to discharge employer from further liability, where incapacity has entirely ceased, but not without employee's consent, for one year from time judgment became operative.

2. **Master and servant** ☞419 — **Judgment granting compensation while disability continued, not to exceed 400 weeks, construed as fixing year as minimum period of compensation.**

Judgment granting weekly compensation under Employers' Liability Act (Acts 1914, No. 20), "so long as disability continues, not to exceed 400 weeks," should be read in connection with Act No. 38 of 1918, § 20, prohibiting modification of judgment until year after it becomes operative, and construed as fixing minimum period of compensation at one year.

157 LA.—7

3. **Master and servant** ☞419 — **Judgment awarding compensation for less than year during which modification is forbidden may be rendered.**

Employers' Liability Act (Acts 1914, No. 20) as amended by Act No. 38 of 1918, § 20, authorizes judgment awarding compensation for less than year, during which judgment cannot be modified because of decrease or increase in employee's incapacity.

Certiorari to Court of Appeal, Second Circuit, Ouachita Parish.

Rule by the Thermatomic Carbon Company against Fred Rogers for decree discontinuing compensation awarded under Employers' Liability Act. Rule dismissed by Court of Appeal on appeal by petitioner from judgment reducing compensation, and petitioner applies for certiorari or writ of review. Judgment affirmed.

Stubbs, Theus, Grisham & Thompson, of Monroe, for relator.

John M. Munholland, of Monroe, for respondent.

OVERTON, J. Fred Rogers obtained a judgment, under the Employers' Liability Act (Acts 1914, No. 20), against the Thermatomic Carbon Company, reading as follows:

"It is ordered, adjudged, and decreed that plaintiff have judgment against the defendant in the sum of sixteen and 80/100 dollars per week, beginning with the 12th day of March, 1923, and continuing for such time as the said plaintiff, Fred Rogers, is under total disability as a result of the injuries complained of by him, not exceeding however a period of 400 weeks, for the whole time of the injury, together with 5 per cent. per annum interest from the date of maturity of each weekly payment."

On November 12, 1923, the Thermatomic Carbon Company proceeded by rule against Rogers for the purpose of having it decreed that the compensation ordered to be paid by said judgment, under the terms of the judgment, itself, and under the law, had ceased to be due, for the reason that Rogers was no longer totally disabled, or disabled at all.

Rogers answered the rule. The case was tried and judgment was rendered by the district court, reducing the compensation from $16.80 a week to $10 a week, the reduced compensation to continue from November 23, 1923 until the further orders of court. The Thermatomic Carbon Company appealed devolutively from this judgment to the Court of Appeal for the second circuit. In that court, Rogers filed, evidently under the provisions of article 902 of the Code of Practice, an exception of no cause of action, and besides filed other pleas unnecessary to mention. The Court of Appeal sustained the exception of no cause of action, on the ground that the district court had no right to entertain the application for the rule until one year after the judgment awarding compensation became operative, and dismissed the rule as in case of nonsuit. The Thermatomic Carbon Company applied for a rehearing, and upon that being refused, made application to this court for a writ of review. In the application for the writ, the Thermatomic Carbon Company assigns as error, among others, the following:

"(d) The Court of Appeal erred in holding that the district court had no jurisdiction to entertain the rule, for the reason that the rule did not seek a modification of the judgment, but on the contrary sought to show the fact that the judgment had been satisfied by a termination of plaintiff's disabilities, the judgment itself having plainly provided that payments should cease under the judgment at the end of plaintiff's total disability.

"(e) The Court of Appeal erred in holding, as it held in effect, that a judgment could not be rendered under the Workmen's Compensation Law for less than 52 weeks, although the injured party had entirely recovered, that such a decree is not authorized by the Workmen's Compensation Law of Louisiana, and if the statute attempts to impose such a condition on the employer, it would violate the Fourteenth Amendment to the Constitution of the United states, in that it would deprive the employer of property without due process of law and deprive him of the equal protection of the law, and would amount to a confiscation of the employer's property."

[1] The Legislature, in providing an Employers' Liability Act for the state, realized the impossibility of always foreseeing how long the disability of an injured employee would continue without decreasing or increasing. It realized, therefore, the necessity of inserting a provision in the act, which would make it possible, if the disability increased, to have the judgment modified so as to allow compensation commensurate, under the law, with the increase, and if the disability decreased to have the judgment modified accordingly. In realizing the necessity for inserting such a provision, the Legislature also recognized the necessity of fixing a period, in which the right to be granted to apply for a modification could not be exercised, to be applicable in those instances in which both the employer and the injured employee would not consent to a modification of the judgment. It, therefore, inserted in the act, by amendment to the original act (Acts 1914, No. 20) a provision reading as follows, to wit:

"That a judgment of compensation may be modified at any time by subsequent agreement between employer and employee or his dependent, with the approval of the judge of the court that rendered the judgment sought to be modified, or any time after one year after said judgment of compensation shall have become operative, it may be reviewed by the judge of the court that rendered the judgment sought to be modified upon the application of either employer or employee, on the ground that the incapacity of the injured employee has subsquently diminished or increased, such increase growing directly out of the injury for which compensation has been allowed. * * *" Section 20, Act 38 of 1918.

The purpose that the Legislature had in fixing a period in which the right of either party to have the judgment modified could not be exercised, was to give reasonable repose and stability to judgments in compensation suits. While therefore the Legislature found it necessary to make provision for the modification of judgments in such suits,

it found it equally necessary, except in cases where both employer and employee should consent to the modification with the approval of the judge, to fix a period in which no modification could be made. The Thermatomic Carbon Company, however, contends that the period prescribed applies only to instances in which, subsequent to the rendition of judgment, the incapacity of the injured employee has increased or decreased, and not to cases in which the incapacity has ceased altogether. The law does not grant the right expressly to have the judgment modified, so as to discharge the employer from all further liability under it, on the ground that subsequent to its rendition the incapacity has ceased altogether. Manifestly, however, the Legislature intended that the judgment could be so modified on that ground, for it hardly would have recognized the necessity of permitting the judgment to be modified by reducing the compensation on the ground of a decrease in the incapacity of the employee, and, at the same time, have prohibited such a modification of the judgment, as to discharge the employer from any further liability in cases in which the liability had ceased altogether. But in impliedly granting the right to modify such judgments, on the ground stated, the Legislature intended, as in the cases heretofore mentioned, in order to give reasonable repose and stability to judgments of compensation, that such a modification could not be made without the consent of the injured employee, until after the expiration of one year from the time the judgment sought to be modified should become operative.

[2] However, the Thermatomic Carbon Company contends that the judgment in this case plainly provides that it may be modified before the expiration of one year from the time it became operative, since it grants to Rogers a fixed sum per week, so long as the disability continues, not to exceed 400 weeks. If not read in connection with the law under which it was rendered, the judgment, it must be admitted, is clearly susceptible of that interpretation. However, the judgment should be read in connection with that law, and, as the latter prohibits the modification of judgments in compensation suits until one year after such judgments become operative, the judge, who rendered it, must be deemed to have had that prohibition in view, and to have fixed the minimum period during which compensation should be paid as covering the year in which the judgment could not be modified, and to have fixed the maximum at not exceeding 400 weeks, and the expression, or its equivalent, "so long as said disability continues;" must be deemed as referring to the maximum.

[3] Counsel for the Thermatomic Carbon Company also contend that the Court of Appeal held, in effect, that a judgment could not be rendered under the Employers' Liability Act for less than the period during which the modification of the judgment is prohibited, and that the court erred in so holding. Counsel also contend that, if the statute may be construed as held by the Court of Appeal, it violates the Fourteenth Amendment to the Constitution of the United States. We may say that we do not understand that the Court of Appeal held as contended by counsel, and we may add, that we, ourselves, are clearly of the opinion that the act authorizes the rendition of a judgment, in a case such as the present, for a period less than the year mentioned, but that none such was rendered. This ruling disposes of plaintiff's plea as to the constitutionality of the statute, as the plea falls by force of the ruling.

The remaining assignments of error have not been discussed in the brief filed by the Thermatomic Carbon Company. We have examined them, however, and have reached

the conclusion that they should not be sustained.

For the reasons assigned, the judgment of the Court of Appeal is affirmed, the Thermatomic Carbon Company to pay the costs.