**No. 2332.**
**Second Circuit Appeal.**

---

**T. J. O'DONNELL**
v.
**FORTUNA OIL COMPANY**

(June 27, 1925, Opinion and Decree.)
(July 11, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant—** Par. 159, 159 (a).

Under Clause C of Subsection 1 of Section 8 of Act No. 20 of 1914, the Employers' Liability Act of Louisiana, as amended by Act 43 of 1922, a judgment allowing compensation during the period of disability but not exceeding 300 weeks is correct. The court can not speculate on probabilities and allow compensation for five months where the evidence shows that the plaintiff will probably recover in that time.

(The recent amendment is Act 216 of 1924. Editor's note.)

2. **Louisiana Digest—Master and Servant—** Par 154, 159.

More compensation is allowed under Section 8, Subsection 1 (c), of Act 20 of 1914, where a finger, etc., is disabled than under Section 8, Subsection 1 (d), where it is amputated, but this is not necessarily an injustice.

3. **Louisiana Digest—Master and Servant—** Par. 154, 160 (a).

The court has not the right under Act 20 of 1914, the Workmen's Compensation Act, to say that an injured employee must undergo an operation.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

This is a suit to recover compensation under the Employers' Liability Act No. 20 of 1914.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Huey P. Long, attorney for plaintiff and appellee.

Barksdale, Bullock, Warren, Clark & Van Hook, attorneys for defendant and appellant.

ODOM, J. This is a suit under the Workmen's Compensation Act.

Plaintiff was employed by defendant at a weekly wage of $42.00.

On August 13, 1924, while at work, he received injuries to his left hand which, he claims, have permanently partially disabled him to do work of a reasonable character; and he sues for compensation at $20 per week, for 300 weeks.

Defendant answered admitting that plaintiff was employed by it and was injured by having a splinter stuck through the middle finger of the left hand, and admitting that it paid plaintiff compensation at $20.00 per week for four weeks and that it declined to make further payments for the reason that plaintiff had recovered from his injuries and had been discharged by his physician.

Defendant especially denied that plaintiff is at this time suffering from any disability on account of said injuries.

There was judgment in the lower court awarding plaintiff compensation at $19.50 per week during disability, not, however, beyond 300 weeks. Defendant has appealed.

OPINION.

Plaintiff received the injury to his hand August 13, 1924.

The case was tried in the District Court on December 11, 1924, and the Judge of the District Court found that plaintiff, at the time of the trial, was partially disabled and awarded him compensation during disability, not exceeding 300 weeks.

We have carefully read the testimony and our conclusion is that his judgment is correct.

Even the physician called by defendant agreed that the plaintiff at the time of the trial was suffering some disability.

But a discussion of the testimony as to plaintiff's condition at the time of the trial is made altogether unnecessary as we find that there is no disagreement on that point.

Counsel for defendant say, in brief:

"The point is that, according to all experience and the law of probabilities as disclosed by the testimony of the physicians, the injury to the finger was temporary and would pass within five months, at the outside, from the date of the trial, that is, with proper use and care and some mental assistance on the part of the plaintiff. The injury is alleged to have occurred on the 13th day of August, 1924. The trial was on December 11,. 1924, four months after the accident. It is our contention that, according to the overwhelming preponderance of the evidence, the plaintiff should have been awarded compensation for not exceeding nine months or thirty-six weeks, less, of course, the four weeks compensation paid him on the basis of total disability up to the time he was discharged by the hospital as being able to return to work."

It will thus be seen that it is not disputed that plaintiff was disabled to some extent on the date of the trial.

But defendant contends that the testimony shows plaintiff's injuries are only temporary and that the court should have fixed definitely a period over which he should receive compensation.

Able counsel say, in brief, that it is a misinterpretation of clause (c) of Section 8 of the compensation act as to hold that when the testimony shows that an employee has received injuries from which he is paritally disabled to do work of any reasonable character the only judgment

which may be rendered is one of compensation for an indefinite period, not to exceed the limit fixed by law.

Clause (c) of subsection 1 of section 8 of the Workmen's Compensation Act as amended by Act No. 43 of 1922, which was the act in force when the plaintiff was injured, reads as follows:

"(c)  For injury producing partial disability to do work of any reasonable character, sixty *per centum* of the difference between wages at the time of injury and wages which the injured employee is able to earn therafter during the period of disability, not, however, beyond three hundred weeks."

This language is clear and unambiguous. If the employee is partially disabled he is entitled to compensation "during the period of disability". not, however, for more than three hundred weeks; but it is perfectly clear that he shall receive compensation during the period of disability.

Counsel, of course, do not contend that the employee should not be awarded compensation during the period of his disability, but it is contended that the court should fix the period of disability, and in the present case they say, in brief, that according to

"all experience and the law of probabilities"

as shown by the testimony of the physicians, the injury to the finger would pass

"within five months, at the outside, from the date of the trial"

and they suggest that the court should have allowed compensation for not more than nine months—for the four months from the date of the injury up to the trial and for a period of five months subsequently to the trial.

The admission that plaintiff's recovery within a certain length of time is only

"probable" and the statement that according to the law of probabilities he will recover the full use of his hand within five months from the date of the trial, is absolutely fatal to counsel's contention.

The court must not speculate as to how long a person will be disabled. The greatest experts in the land cannot tell how long it will take a wound to heal. They can no more do that than a surgeon can tell whether an operation will prove fatal or be a success. Any opinion which might be given by a physician as to how long a patient will be disabled from a certain wound or condition of a member of the body would necessarily be speculative. An expert might be able to guess more accurately than a layman, but his opinion would be a guess after all.

If the court fixed a definite period of disability in a case like this, it would necessarily indulge in speculation, make a bald guess about a matter over which expert medical men would probably differ very widely.

It is suggested that plaintiff's disability will not continue at most more than five months from the date of the trial. But who knows?

The lawmaker has provided that in cases of partial or total disability compensation shall be awarded during the period of disability and has fixed the maximum but not the minimum period.

In all cases where it is shown at the time of the trial that an employee is then disabled on account of an injury and where it is reasonable to suppose from the evidence that the disability from that injury will continue for any length of time thereafter, the proper judgment for the court to render is one for compensation during disability, not beyond the maximum period fixed by the statute.

It is not proper for the court to fix a definite period during which an employee shall receive compensation in any case where in order to do so the court would have to conjecture or engage in speculation as to how long the disability will exist.

There may arise cases in which the court would be warranted in fixing a definite period of disability. That could be done in any case where the period could be fixed definitely under the testimony. It frequently happens that laborers are disabled, totally or partially, for a few weeks and recover and are able to return to work as sound and whole as ever before the day of trial; in which event it would be possible, of course, for the court to determine definitely the period of disability. In a case like that, the court should fix the number of weeks during which compensation shall be paid.

Counsel comment on what they term "a monstrous injustice in the compensation act as construed by the District Judge" and they cite the fact that if this plaintiff had lost his finger entirely, that is, if it had been cut off, the maximum which he could have received under the act is $400.00, whereas it is possible for him to collect under this judgment $5850.00 while his finger is still on his hand.

There is no "monstrous injustice" in the act as interpreted by the District Judge.

In the case at bar, if the plaintiff had had his finger cut off the wound would probably have healed within a few days and he could have gone back to work. It is possible that he would have suffered very little, if any, inconvenience or disability after the wound healed.

In the condition in which the finger and hand were shown to be at the time of the trial he cannot use the hand in his work. If the finger had been cut off it would have been out of his way altogether but as it is, it is still attached to the hand and is stiff, tender and sore, and is therefore in his way and causes disability.

If a laborer gets his foot cut off he would be entitled to receive compensation under the statute equal to sixty-five *per centum* of his wages for 125 weeks, whereas if he gets his foot crushed it may remain sore and painful during the balance of his lifetime and render him unable to work except on crutches, thereby totally disabling him to do manual labor of any kind. In such a case he would receive compensation during his disability. There is no injustice or inequality in that. If the foot is cut off it is out of the patient's way and he is left free of pain, and suffering and in position to use a substitute as many men do. It is infinitely better for a man to have his leg or arm removed entirely from his body than for it to be paralysed or injured and have to remain attached to the body as a constant and perpetual hamper and menace to his activities.

True, the surgeon's knife might easily relieve the patient of his burden, but who has the right to say to him that he must undergo an operation, fraught as operations always are with more or less danger?

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.

---

## ON APPLICATION FOR REHEARING

REYNOLDS, J. Defendant applies for a rehearing and earnestly insists that under the decision in Rogers vs. Thermatomic Carbon Co., 157 La. 193, 102 South. 304, we should fix a definite time,

less than twelve months, during which plaintiff should receive compensation.

We thoroughly agree, with the authority cited, and when at the time of the trial it can definitely be determined under the evidence that the disability will end in less than twelve months, judgment should be rendered accordingly; but in this case, agreeably to the evidence, we are convinced that it is humanly impossible to tell, with any degree of certainty, when plaintiff will recover from his injury.

As held in our former opinion herein, in all cases where at the trial it is shown that an employee has been disabled by an injury received in the course of his employment and that the disability will continue for an indeterminate period of time, the proper judgment is for compensation during the period of disability not beyond the maximum period fixed by the statute.

It is therefore ordered that the the application for a rehearing be refused.