HARDY, Judge.
This is a compensation suit in which the plaintiff employee seeks recovery of compensation at the maximum rate for permanent, total disability against the defendant employer and its insurer. After trial there was judgment in favor of plaintiff, from which defendants have appealed.
As a defense to plaintiff’s demands, in addition to denying the permanent and total nature of the disability, defendants averred that they had offered to furnish plaintiff an operation for the remedy and correction of his condition, which tender had been refused by plaintiff, and, as a consequence, the continued disability, if any, was attributable to such refusal. By way of relief defendants prayed for judgment rejecting plaintiff’s demands, or, alternatively, for an order of court upon plaintiff to submit to an operation for the surgical correction of the condition causing the alleged disability, on penalty of termination of any award of compensation.
Before this Court there is no question made of the nature, character and effect of plaintiff’s disability, and the sole issue tendered for our consideration involves defendants’ alternative prayer for relief.
The proposition of submission to a surgical operation is one which must in the initial instance be determined by the employee, that is, he has the option of submitting or of refusing to submit, to the tendered operation. It is only in the event of the refusal of an employee to submit to a tender of surgical procedure that the matter becomes a question of judicial concern, and there then devolves upon the Court the responsibility for its determination. The Court, in the light of the facts and circumstances of each particular case, must decide whether the refusal of the employee has been arbitrary or reasonable.
In other words, any question of this nature can only be squarely presented by the refusal to submit to an operation, which is an essential element and, indeed, the very foundation for a judicial pronouncement.
We have found it necessary to make the above somewhat elaborate preface by reason of the fact that the record before us is completely devoid of any showing that the plaintiff herein has refused to submit to an operation.
Ordinarily this omission might be considered supplied by the allegations of defendants’ answer, to the effect that it has tendered the operation which plaintiff refused. But these allegations are squarely controverted by the testimony of the plaintiff himself on trial of the case. The plaintiff positively and unequivocally testified on direct examination:
*712 "Q. Now, defendant has alleged in this suit, Mr. Benefield, that they offered you an operation, and that you refused it. Did they ever offer you any operation before this suit was filed? A. They had never been to see me at all. I have never seen an insurance man. They have never contacted me in any way. They cut my payments off before the doctor released me.”
And on cross-examination:
“Q. Mr. Benefield, you stated that no one from the insurance company ever came to see you? A. That’s right.
“Q. You had some correspondence with them, did you not? A. No, sir.
“Q. Did you write to them? A. Yes, I wrote to them.
“Q. Did they ever write to you? A. All they done, they sent the drafts for the first six weeks to El Dorado and I wrote them and asked them why they didn’t send them to me.”
The above is the only testimony in the record that touches the point of tender and refusal of an operation.
It is o'bvious that without evidence of the refusal of an employee to submit to an operation there is no question before the Court. We are convinced that this omission can and should be corrected. Accordingly, we avail ourselves of the provisions of Article 906 of the Code of Practice which authorizes the remanding of a cause to a lower court with instructions as to the testimony to be received in order to permit a definitive pronouncement.
For the reasons assigned this cause is remanded to the Honorable the Second Judicial District Court in and for the Parish of Claiborne, State of Louisiana, with instructions that it be re-opened and testimony received for the purpose of establishing the fact, vel non, of the tender of an operation to plaintiff and his refusal to submit thereto.
It is further ordered that upon the receiving and transcription of the testimony on this point the record be returned to this Court for disposition of the appeal. Costs to await final determination hereof.