95 So.2d 725 (1957)
Hampton WADE, Plaintiff-Appellant,
v.
CALCASIEU PAPER COMPANY, Inc., Defendant-Appellee.
No. 4427.
Court of Appeal of Louisiana, First Circuit.
June 4, 1957.
Rehearing Denied June 28, 1957.
Writ of Certiorari Denied October 8, 1957.
*726 Julius T. Long, Shreveport, for appellant.
Plauche & Plauche, Lake Charles, for appellee.
*727 TATE, Judge.
Reversing this court, the Supreme Court remanded this case (in which previously we had affirmed a finding of no disability, 82 So.2d 117) in order to have evidence taken of the findings of neurologists or neurosurgeons. 229 La. 702, 709, 86 So.2d 540.
Such testimony was produced on the remand. It shows that plaintiff had been and is disabled as a result of the industrial accident for which compensation was sought. The defendant does not appeal from the lower court's judgment awarding plaintiff compensation for total and permanent disability.
Plaintiff, however, devolutively appeals from the award below insofar as it ordered him to accept medical treatment (including hospitalization and physiotheraphy) from physicians of defendant's (rather than plaintiff's) selection, at defendant's expense; within thirty days from the date of the decree below (i.e., January 14, 1957) (rather than from the date of finality thereof after appeal). Plaintiff further prays by his appeal that the fees for testifying allowed to certain medical expert witnesses be increased.
Defendant's primary defense was that plaintiff was not disabled, which was not abandoned until after the trial court judgment in favor of plaintiff after the second trial on the remand.
However, after plaintiff was examined by a neurosurgical specialist on behalf of defendant, defendant filed an amended and supplemental answer still denying disability, but tendering medical treatment in the alternative (should the District Court find disability). The alternative prayer was that the District Court condition plaintiff's right to future compensation, upon defendant's tender of such treatment "within thirty (30) days after such decree in favor of plaintiff becomes final", to plaintiff's acceptance of such treatment if tendered. Plaintiff's rights to further compensation payments were to be terminated automatically by plaintiff's refusal to accept the medical treatment (if) tendered.
Plaintiff first urges that the remand by the Supreme Court was limited to the purpose of obtaining the testimony of neurosurgeons and did not include any authority to defendant to file an amended answer changing the issues. However, this argument overlooks the statutory provision that in compensation suits "the court may in its discretion * * * allow amendments of the petition and answer at any stage of the proceedings", LSA-R.S. 23:1315; Osborne v. McWilliams Dredging Co., 189 La. 670, 180 So. 481, "even in the Supreme Court", Mitchell v. Sklar, La. App., 196 So. 392, 394. See Tate v. Gullett Gin Co., La.App. 1 Cir., 86 So.2d 698.
Plaintiff next attacks the power given the defendant to terminate compensation payments to an admittedly disabled employee, automatically upon the employee's non-acceptance of such medical treatment at such place and by such physician as the defendant might see fit to tender. Plaintiff argues that the decree gives the defendant the power to terminate compensation payments if the disabled plaintiff-employee refuses to accept medical treatments offered, for instance, in San Francisco or Australia, or the treatments tendered became so painful that the employee did not wish to continue same, without the admittedly disabled employee having the opportunity to secure a court's determination as to the reasonableness of his refusal to accept the type or place of treatment tendered.
In the past few years there has been a great increase in litigation concerning the courts' equitable power to order compensation withheld when a disabled employee refuses to undergo medical treatment or surgical procedures tendered by an employer. As we recently summarized in Borders v. Lumbermens Mutual Cas. Co., La.App., 90 So.2d 409, no court has the power to order an injured claimant to *728 submit to an operation or to medical treatment which may end his disability: it only has the power to order compensation payments withheld when an employee "unreasonably refuses" to submit to such operation or treatment, on the theory that the continuation of disability results, not from the initial accident, but from the continued refusal to accept curative treatment after a judicial finding that the refusal is unreasonable. See Duplechien v. States Exploration Co., La.App. 1 Cir., 94 So.2d 460.
The present issuethat the disabled employee's right to future compensation should not be conditioned upon his acceptance of a possible tender of medical treatment or surgery by the employer, the terms or type of which to be within the unlimited discretion of the latter without judicial ascertainment whether the employee's unwillingness to accept same is or is not reasonablewas not raised in any of the cases cited to us. In such cited cases, the plaintiffs were willing to accept the judgment conditioning their right to future compensation upon the medical treatment alternatively offered.
But we find that our brethren of the Second Circuit in Benefield v. Zach Brooks Drilling Co., 59 So.2d 710, anticipated this question when, similarly, defendant relied upon its alternative prayer for relief before that Court, no longer (as it had before the trial court judgment) questioning plaintiff's total disability. That Court stated through Judge Hardy, at 59 So.2d 711:
"The proposition of submission to a surgical operation [or to medical treatment] is one which must in the initial instance be determined by the employee, that is, he has the option of submitting or of refusing to submit, to the tendered operation. It is only in the event of the refusal of an employee to submit to a tender of surgical procedure that the matter becomes a question of judicial concern, and there then devolves upon the Court the responsibility for its determination. The Court, in the light of the facts and and circumstances of each particular case, must decide whether the refusal of the employee has been arbitrary or reasonable." (Italics ours.)
From the present record, although there is a copy of a letter from defendant's counsel[1] attached to plaintiff's motion for devolutive appeal, there is no evidence of an actual offer of specific treatment, nor of an unreasonable refusal to accept same after a judicial determination that such tendered treatment is reasonably required under the circumstances.
"The question when compensation should be suspended because claimant refuses to submit to reasonable treatment or surgery is one of the most delicate medico-legal issues in the entire realm of workmen's compensation", Larson, Workmen's Compensation Law, 189, Section 1322. The drastic remedy of terminating an admittedly disabled employees' rights to any further compensation should not depend upon his refusal to accept treatment tendered, without judicial inquiry as to his reasons for such refusal and judicial determination that such refusal is so unreasonable as to justify this drastic penalty.
We have reached these conclusions only after a full consideration of the difficulties attendant upon so wording a general decree as to prevent impositions by either party and to preserve to both parties their legal right of review of the questions involved. The real issue is whether the employer should be given the right to terminate payments of compensation to a disabled employee upon the employee's unreasonable refusal to accept medical treatment tendered; and we find it impossible to rule in the abstract so as to cover offers and refusals which may never take place, *729 without specific evidence as to any offer and the reasons for its refusal.
It should be added that this "most delicate" field is best administered by cooperation between the parties themselves, for both plaintiff and defendant and their counsel should have the same interest the quickest possible recovery of the injured workingman, with the most efficient possible use of the medical expense available. As we stated in Ebarb v. Southern Industries Co., 78 So.2d 553, the employer, with the primary duty to furnish medical services, LSA-R.S. 23:1203, has the primary right to suggest the doctors to render the medical treatment tendered.[2] But it is to be supposed that ordinarily an employer will not arbitrarily offer, without consultation as to the employee's wishes, treatment by a physician or upon dates or at an inconvenience completely unacceptable to the disabled employee; it is likewise to be supposed that ordinarily the employee will not refuse treatment by a competent doctor when no unusual inconvenience or hardship is involved, thus causing delays in his recovery through the consequent pendency of judicial proceedings.
In the present instance, the plaintiff has not had an opportunity to prove that his refusal to submit to any treatment tendered is reasonably based.
The decree herein will therefore be amended so as to give the defendant employer the right to reopen the proceedings below, upon plaintiff's refusal of a tender of medical treatment, in order to show that the refusal was unreasonable so as to entitle defendant to an order conditioning plaintiff's right to receive further compensation upon the submission to the medical treatment specifically tendered. Although the courts are under no mandatory duty to reopen the decree sooner than six months after date thereof, LSA-R.S. 23:1331, they have the discretionary power in exceptional circumstances to permit the reopening earlier than that period, Rogers v. Thermatomic Carbon Co., 157 La. 193, at page 198, 102 So. 304; Newman v. Zurich General Accident & Liability Ins. Co., La.App. 1 Cir., 87 So.2d 230, which we shall exercise in this instance.
Plaintiff-appellant likewise requests by his appeal that we increase the expert witness fees of $50 each allowed to Dr. Sutton, neurological specialist who testified by deposition, and to Dr. Reid, general practitioner, who testified in person.
We are unable to say that the discretion of the District Court in fixing such fees should be disturbed in these instances. See Fee v. Calcasieu Paper Co., La.App. 1 Cir., 89 So.2d 434. While for instance it might be inferred that Dr. Reid, who practiced in DeRidder, lost a greater amount of time by coming to Oberlin to serve the court as expert witness than would have a local physician, and if taken from time which would have been devoted to the treatment of patients that consequently he was entitled to a greater witness fee (see LSA-R.S. 13:3666, stating that the "value of the time employed" should be considered in fixing the expert's fee); nevertheless the record does not reflect a factual foundation for this inference so as to require a finding that the District Court abused its discretion in limiting the expert's fee to $50.
For the above and foregoing reasons:
The judgment of the District Court is affirmed in its award and in all respects, except that it amended to substitute for the clause conditioning plaintiff's right to receive further compensation payments upon *730 his submission to such medical treatment as defendant might tender, the following clause instead:
If defendant tenders to plaintiff medicial treatment as recommended by the specialists herein within thirty days after finality of this decree, or within thirty days of rendition of same if no further appellate proceedings are sought by either party; defendant is reserved the right, at any time after plaintiff's refusal to accept or to submit to same, to reopen these proceedings to show cause why the District Court should not issue an order conditioning plaintiff's right to further compensation upon his acceptance of such reasonable medical treatment and within such period as the court may determine, after a hearing to determine whether the plaintiff's refusal is unreasonable under the circumstances.
Amended; and as amended, affirmed.
NOTES
[1] This letter offers hospitalization and treatment in Houston, Texas under the specialist who testified on behalf of defendant herein.
[2] Although when surgery is required, the injured employee is customarily given the right to select the operating physician, since confidence is so important to the success of the surgery, and to mitigate possible deleterious effects inherent in surgery, see, e. g., Duplechien v. States Exploration Co., La.App. 1 Cir., 94 So.2d 460.