TATE, Judge
(concurring in part; dissenting in part).
The writer concurs with the majority opinion insofar as it awarded compensation to the disabled employee at least to the maximum duration of eight months as shown by the physicians’ present estimates. But I dissent insofar as the award was made under LSA-R.S. 23:1222 and not under instead LSA-R.S. 23:1221(1), which latter section provides that for “injury producing temporary total disability” compensation shall be allowed “during the period of disability, not beyond three hundred weeks”.
In my opinion the present decision is contrary to the recent decisions of this court in Newman v. Zurich Gen. Acc. & Liability Ins. Co., La.App., 87 So.2d 230, Ebarb v. Southern Industries Co., La.App., 78 So.2d 553, and Whiddon v. Concrete Pipe Products Co., La.App., 78 So.2d 439, which I think can be summarized as holding that doctor’s estimates of future disability cannot fix “probable duration” of disability so as to justify a limited award under LSA-R.S. 23:1222 when by the nature of the injury such estimates vary widely from doctor to doctor or from time to time.
In the present case, for instance, I do not think that the two doctors’ estimates of eight months future disability indicate the “probable duration” thereof any more than do the two estimates of two to three months; nor does a consensus of these estimates indicate a “probable duration” of an average of four months. Each of such varying estimates indicates merely a possible duration according to the guess of that particular doctor; neither individually nor in conflicting ensemble do they afford a substantial indication of any specific probable duration. I therefore do not think this case admits of the application of LSA-R.S. 23:1222 permitting a court within its discretion to award compensation during the probable duration of disability.
Recognizing the sincere and humane effort of the majority to avoid injustice to *271 this particular employee by awarding compensation during the maximum according to present medical estimates, I nevertheless think the majority opinion deprives this injured employee of his right to be awarded compensation under LSA-R.S. 23:1221(1). The Legislature did not by that section provide that in the event of temporary total disability awards will be made for the probable duration of disability not to exceed 300 weeks; its provision is that in such case compensation be awarded during disability, not to exceed 300 weeks.
Taking into account the ability of the employer to secure a modification of the award any time six months after rendition of the initial judgment, LSA-R.S. 23:1331, I think the legislative intent manifested is that the decree for temporary total disability of longer than six months duration should be to award compensation under LSA-R.S. 23:1221(1) during disability, not to exceed 300 weeks.
I think that this interpretation is borne out by the legislative history of the compensation act.
Provisions for the payment of compensation, during temporary total disability, not to exceed 300 weeks, have been found in each version of the compensation act from Act 20 of 1914, see annotation LSA-R.S. 23:1221; but the provision permitting a court to award compensation in case of temporary total disability limited to the “probable duration” thereof was not added until Act 85 of 1926, Section 8(8), see annotation, LSA-R.S. 23:1222. This amendment was apparently in response to the holding in Rogers v. Thermatomic Carbon Co., 1924, 157 La. 193, 102 So. 304, that compensation judgments could not be modified in less than the statutory year (now six months, LSA-R.S. 23:1331) following rendition, and .the defendant’s argument therein that the compensation act was therefore unconstitutional because there was no legislative authorization other than for an award during disability, not to exceed the statutory maximum, and thus there was no legislative authorization for an award of “less than the period during which the modification of the judgment is prohibited,” 157 La. 198, 102 So. 306, even though the medical evidence would indicate the probable duration of disability to be less.
The apparent intention of the legislature, therefore, in permitting awards to be limited to the “probable duration” of disability was not to repeal the general provision permitting awards of compensation during temporary total disability, not to exceed 300 weeks (i. e., the consistently re-enacted provision now found in our statute as LSA-R.S. 23:1221(1).) It was simply to permit a limited award in cases where the medical evidence indicated disability would definitely cease within the six month period during which the judgment could not be modified.
If this were not the correct construction, contrary to the intendment of the act that the employee should receive compensation during actual disability and without the necessity for detailed and dilatory judicial administration and supervision, the disabled employee is potentially subjected to constant interruptions in the flow of his compensation while he pursues his appellate remedies to secure a revision and/or remand of the judgment which limits his compensation, more or less arbitrarily, to some figure based upon medical speculation.[1]
Especially in a case like the present the appropriate decree should be to award compensation during disability, not to ex *272 ceed 300 weeks. This suit was tried on April 30, about 4months after the initial accident, during which time not one cent of compensation had been paid.[2] It was at first feared that plaintiff’s symptons indicated a ruptured disc, and in fact he willingly underwent a myelogram. Cases in our jurisprudence are legion concerning back injuries which initially were apparently slight but which over the course of time manifested a prolonged and more serious disability. Cf. the Newman case cited above; Wallace v. Remington Rand, 229 La. 651, 86 So.2d 522, Bigham v. Swift & Co., 229 La. 341, 86 So.2d 59; Johnson v. Cabot Carbon Company, 227 La. 941, 81 So.2d 2; Mottet v. Libby-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; Michel v. Maryland Cas. Co., La.App. 1 Cir., 81 So.2d 36.
Here is the situation before us: the employee is admittedly totally disabled at the time of the trial; he has been since the accident, despite which he has not been paid compensation; he will be disabled in the future, for a period which may even by the notoriously fallible medical estimates extend at least to eight months; and yet the employer’s insurer, which should have been paying compensation without court compulsion during all this admitted disability and until the disability terminates, is able to secure a limited judgment of compensation, which plaintiff, is unable to execute without losing his right to secure a revision thereof should his disibility persist, see Lacy v. Employers Mut. Liability Ins. Co., 232 La. 712, 98 So.2d 112.
The general scheme of the compensation act is not only to assure periodic payments of compensation to an industrially disabled employee, but also to assure them to him with a minimum of interruption and judicial delays. And when we find an employee who is admittedly totally disabled at the time of trial, and who- may continue to be so for six months or more in the future, it is speculation to attempt to guess whether he will recover in eight months or nine months or ten months or in any number of months. The limited decree further puts upon the admittedly disabled employee the burden of .expense and effort in proving a continuation of his disability, when in the first place he should already have been receiving compensation without judicial intervention.
Unlike the judicial function of assessing precuniary damages for personal injuries in tort suits, which must of necessity be somewhat arbitrary and inexact in nature, an award of workmen’s compensation to any employee disabled through an industrial accident is a judicial attempt to award him compensation, within the statutory limits, for each week that he is actually disabled. It is thus not the function of the courts to guess at the length of the employee’s disability, but rather to award compensation during actual disability: for if during a period of work-produced disability the employee is judicially barred from receiving compensation when he has timely brought suit therefor, the legislative and social aim of the compensation act of providing income .during disability to industrially-disabled employees is thwarted.
*273 For the above and foregoing reasons, I respectfully dissent from the majority judgment insofar as it did not award compensation during plaintiff’s disability, not to exceed 300 weeks and insofar as it awarded a fixed number of weeks compensation for future disability grounded upon the varying and contradictory guesses of the doctors.

. Cf. Mr. Justice Odom’s comment concerning tlie question in O’Donnell v. Fortuna Oil Co., 2 Cir., 2 La.App. 462, at page 464: “The greatest experts in the land cannot tell how long it will take a wound to heal. * * * An expert might be able to guess more accurately than a layman, but his opinion would be a guess after all. * * * The court must not speculate as to how long a person will be disabled.”

. The alleged reason for this refusal was a denial the accident had occurred. The first reason for the denial was that two co-workmen on the job at the time had not “seen” the accident. The evidence showed that one of them, working around the corner from plaintiff, heard plaintiff. stop hammering and went to see what had happened and met plaintiff, who said he had just fallen and hurt his back. The other co-worker had gone for some nails and when he returned, within 15 minutes of the accident, was informed that plaintiff had fallen and saw that the back of plaintiff’s clothes was all muddy. The other reason for denying an accident had occurred, that plaintiff did not report his injury for about a month, is equally without merit in view of the physicians’ uniform view that due to the nature of the injury it was reasonable for the employee to feel in the initial stages that the disability might pass off without medical intervention.