FRUGÉ, Judge.
This a suit by an injured employee to recover workmen’s compensation benefits from his employer’s insurer. The claimant appeals from a judgment awarding him compensation in the amount of $10 per week for a period of ISO weeks under the specific loss schedule, LSA-R.S. 23:1221(4) (o).
By his appeal, the plaintiff principally contends that the award should be for total and permanent disability, that is, for 400 weeks during disability; for medical expenses for future surgery; and penalties and attorney fees.
The evidence discloses that the plaintiff, Papillion, was employed by the defendant’s insured to load and unload rough rice from boxcars and trucks using a large hand shovel or scoop, a small hand shovel and a broom. Occasionally, he was called upon to load and unload sacks of clean rice, weighing approximately 100 pounds, in which he was aided by other laborers. Additionally, he sometimes sacked bran, using a large needle to sew the top of the sacks. As a consequence of these duties he was required to climb in and out of trucks and boxcars. Papillion’s remuneration was sufficient to entitle him to receive workmen’s compensation during disability at the maximum statutory rate of $35 weekly.
On June 30, 1961, plaintiff suffered a severe cut on the back of his right hand while unloading rice from boxcar. As a result of this laceration, the extensor tendon to the middle finger was severed and the tendons to the index and ring fingers were partially severed.
Plaintiff was treated by the employer’s physician through August 21, 1961, when he was discharged for return to work as having reached sufficient improvement. The preponderance of the expert medical testimony shows that, as a residual from the injury, plaintiff is unable to extend the middle finger of his right hand and continues to suffer pain in that region. The preponderant medical evidence also shows that *450 this residual disability may probably be relieved by surgery.
The plaintiff contends, correctly we think, that our learned trial brother was in error in not awarding additional compensation for total and permanent disability instead of only for partial disability of the right hand under the specific loss schedule. We are of the opinion that at the time of trial, due to the loss of use of the right hand because of the inability to extend all of the fingers and the extreme sensitivity of the injured hand, the claimant was unable to perform the duties of the occupation in which he was injured. Clearly such occupation requires the unrestricted use of both hands.
It is well settled that “whenever the worker can show that he was wholly or partially disabled he is entitled to compensation for the period provided in the disability provisions of the Act, even though his disability arose from one of the specific losses set forth in the schedule,” Malone, Louisiana Workmen’s Compensation Law and Practice (1951), Section 279, p. 352. Consistent with this view, our courts have awarded compensation for total disability to employees when, through residual injury to one or more fingers, the employee’s loss of use of his hand prevents him, through substantial pain or otherwise, from being able to perform the usual and customary duties of the occupation in which injured. Bean v. Higgins, 230 La. 211, 88 So.2d 30; Viator v. Hub City Contractors, Inc., La. App., 116 So.2d 878; Murry v. Southern Pulpwood Insurance Company, La.App., 136 So.2d 165.
Plaintiff further urges that the lower court erred in refusing to order surgery for his hand at the cost of the defendant compensation insurer. While we are of the opinion that plaintiff’s right should be reserved to recover future medical expenses in connection with surgery for his hand, we feel that the trial court was correct in not ordering surgery. Thus in Benefield v. Zach Brooks Drilling Co., La.App., 59 So.2d 710, it was stated: “It is only in the event of the refusal of an employee to submit to a tender of surgical procedure that the matter becomes a question of judicial concern.” Accordingly, we reserve plaintiff’s right to compensation for such future surgery.
As to penalties and attorney fees, we agree with the trial judge that under the facts and circumstances of this case the defendant was not unreasonable or arbitrary in discontinuing compensation payments and therefore affirm the judgment of the lower court in this respect.
For the foregoing reasons, the trial court judgment is amended so as to award the plaintiff compensation at the rate of $35 per week, commencing June 23, 1961, for a period not to exceed four hundred weeks, less a credit for the defendant’s payment of any compensation since the judgment, together with legal interest upon each unpaid weekly installment from date of delinquency. The plaintiff’s right is reserved to recover future medical expenses in connection with surgery of his injured hand. All costs of these proceedings and of this appeal are assessed against the defendant-appellee.
Amended and affirmed.