CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. After a trial on the merits the district judge held for the defendant. Plaintiff appeals.
Defendants admit the employment relationship, the occurrence of the accident, the compensation rate of $35 per week, and payment of benefits through June 29, 1961. The primary issue is compensable disability beyond the date payments were stopped.
The accident occurred on February 10, 1961. Plaintiff was hit on his head by a limb which fell from a tree he was cutting. He was rendered unconscious for a few minutes and was taken immediately to a hospital in Franklin, Louisiana, where he was examined by Dr. G. T. Musso, a general practitioner. Dr. Musso testified that his x-rays showed no recent bone injury but there was x-ray evidence of an old injury to the spine. (Other testimony showed plaintiff had a prior history of neck complaints in 1959.) Dr. Musso’s diagnosis was a mild concussion and severe contusions and abrasions to the back of the head, neck and shoulders. After 4 days in the hospital in Franklin, plaintiff was discharged as ambulatory and allowed to return to his home near Kinder, Louisiana for treatment by his local physician, Dr. Paul Shorts.
Dr. Shorts treated Southall’s injuries for 4 or 5 weeks and then about May 10, 1961 referred him to Dr. Briel, an orthopedic specialist in Lake Charles, for consultation. On Dr. Briel’s recommendation, Dr. Shorts instituted head halter traction and a program of antispasmodic drugs. On May 16, 1961 Dr. Shorts discovered for the first time that plaintiff was suffering from arteri-osclerotic heart disease (not to be confused with a heart attack) for which he prescribed quinidine. As of June 29, 1961 Dr. Shorts discharged plaintiff as being fully recovered from all effects of the accident, but he continued to treat plaintiff for his heart condition.
After workmen’s compensation payments were stopped on June 29, 1961, and apparently being dissatisfied with Dr. Shorts’ treatment, plaintiff went to Dr. Rigsby Plargrove, a general practitioner of Oakdale, Louisiana. We see no necessity to set forth here the findings and diagnoses of Dr. Hargrove and the other doctors who saw plaintiff later, because the district judge, in a well considered written opinion, has discussed in detail the conflicting testimony of these various expert medical witnesses. We think the record fully supports the following conclusion reached by the trial judge:
“This Court is convinced that plaintiff is totally and permanently disabled as a result of the arteriosclerosis and that this disability is not in any way related to the accident of February 10, 1961. While there is testimony from Dr. Faludi and Dr. Hargrove relating to some small degree plaintiff’s claim of cervical disability to the February 10, 1961 accident (and to some degree *426 mildly supported by the testimony of Dr. Campbell), the weight of the evidence is to the contrary. Plaintiff has first failed to carry the burden of showing that he has any cervical disability. Secondly, plaintiff has failed to establish any casual connection between his alleged cervical disability and the accident. All doctors agree that plaintiff’s hyperthrophic arthritis antedated the accident. All x-rays show that there has been no significant change in plaintiff’s back subsequent to the accident.”
 A further issue is plaintiff’s contention that he is entitled to travel expenses in the sum of $32.34, covering mileage at the rate of 7‡ per mile for 462 miles traveled by plaintiff in connection with several visits to Dr. Hargrove and $28 for 20 trips to see Dr. Shorts. Plowever, as defendants have pointed out, the only evidence in the record with reference to these claims is the testimony of plaintiff that he went to see these doctors and the testimony of the doctors that they saw plaintiff on certain dates. There is no testimony whatever to show whether plaintiff made these trips in his own car or by bus or in a friend’s car. There is simply no evidence to show that plaintiff incurred any expenses in connection with this travel. In the recent case of Murry v. Southern Pulpwood Insurance Co., 136 So.2d 165 (3rd Cir.App.1961) we held under similar facts that although travel expenses connected with medical treatment is a proper item of recovery as part of the cost of medical treatment, it is encumbent upon the claimant to prove that he incurred such expense and the amount thereof. We stated in the Murry case: “However, although the claimant proved that he was treated at the physician’s office on over twenty occasions, there is no proof that these visits occasioned him any expense by ■use of his own car (nor of the appropriate mileage cost) or otherwise. The trial court correctly disallowed any recovery for such unproved expense.” This same reasoning ás applicable here.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.