FRUGÉ, Judge.
This appeal is from a judgment maintaining defendant’s exception of prematurity and dismissing plaintiff’s demand for statutory penalties and attorney’s fees.
This is a workmen’s compensation suit and there is no dispute as to appellant’s right to compensation benefits for total and permanent disability, this right having been stipulated and adjudged on November 12, 1963.
The only dispute now before this court is whether plaintiff is entitled to recover statutory penalties and attorney’s fees for defendant’s refusal to pay the compensation benefits to which he was entitled by virtue of this earlier judgment.
The record indicates that judgment was originally rendered in favor of the plaintiff awarding him compensation at the rate of $35.00 per week for a period not to exceed 400 weeks. The defendant brought the payments of compensation up to date as of this judgment, and thereafter began paying the plaintiff weekly compensation, sending him checks through his attorney, which payments were continued regularly through December 23, 1964. On January 25, 1965, plaintiff filed a new petition alleging certain non-payments of compensation benefits since December 23, 1964, and prayed for penalties and attorney’s fees based on defendant’s termination of compensation payments arbitrarily and without just cause. Defendant filed exceptions of prematurity and no cause or right of action and, with full reservation of said exceptions, also filed answer. The trial judge, in his written reasons for judgment denying plaintiff’s demands, based his ruling on the following facts:
Defendant insurance company was in the process of transferring certain files from its Lafayette office to its New Orleans office. Plaintiff’s file was so transferred, to be placed on a special system in that office for the payment of weekly compensation. Due to the transfer of the case file from the Lafayette office to the New Orleans office, that office failed to make the regular payments for some weeks. Plaintiff’s attorney, on January 8, 1965, notified the Lafayette office of the defendant insurance company that payment had not been received and *489 thereafter called said office several times and, on January 22, 1965, advised the Lafayette office that if payment was not received by January 25 suit would be instituted. On or about January 8, after being called by plaintiff’s attorney, the Lafayette agent called the New Orleans office and informed them of the development, and on January 13, 1965, a draft in the amount of $140.00, covering compensation from December 23, 1964, through January 20, 1965, was mailed to plaintiff’s attorneys. Further calls from plaintiff’s attorney indicating that the draft had not been received caused immediate inquiry by the defendant to ascertain whether the draft had been presented for payment. The New Orleans office bookkeeping department indicated that the draft had been cashed.
On January 25, 1965, another draft in the amount of $70.00 was forwarded to the plaintiff’s attorney for the then current compensation payments. It was subsequently determined that the $140.00 draft referred to hereinabove had not actually been cashed but had apparently been lost in the mails, and immediately upon ascertaining the same, defendant forwarded that payment to the plaintiff’s attorney. According to a stipulation which was filed at the hearing on March 8, 1965, all compensation was fully current.
Plaintiff’s counsel relies principally on the case of Boss v. Marquette Casualty Company, La.App., 150 So.2d 67, writ refused 244 La. 220, 151 So.2d 692. As was shown in the above cited case, plaintiff received a severe strain of the lower back, aggravating a pre-existing condition known as spondylolisthesision, September 9, 1959. He was declared to be totally disabled on October 8, 1959. Defendant insurance company did not pay the first compensation check until three weeks after plaintiff had been declared totally disabled. After the first payment, delays amounted to as much as six weeks in one instance and as much as two or three weeks in several instances. The court concluded that the defendant insurance company’s actions in persistently being late amounted to an implied refusal to pay and consequently were arbitrarily capricious and without probable cause, and plaintiff was granted penalties and attorney’s fees.
It is apparent to this court, as it was to our capable brother in the lower court, that defendant insurance company, through the transfer of plaintiff’s case file from the Lafayette office to the New Orleans office, filed to pay the compensation of $140.00 due for the four weeks of December 23rd through January 20th, until immediately after the present demand was filed on January 25th, since the earlier draft in this amount was lost in the mails. The facts do not indicate that the defendant insurance company’s failure to make prompt payment was arbitrary or capricious.
Defendant admitted the failure to pay but alleged and proved to the satisfaction of the district judge that its failure was not arbitrary or capricious. An employee who is demanding past due workmen’s compensation installments, plus penalties and attorney’s fees for employer’s failure to pay past installments, must prove that the failure to pay was arbitrary, capricious or without probable cause. LSA-R.S. 22:658, 23 :- 1201.2. From the record and from the written reasons of the trial court it is clear that the defendant insurance company was at all times in good faith and did all that was possible to rectify its error.
This court finds that the lower court properly concluded the facts in this case fail to show that Travelers Insurance Company was arbitrary in its failure to pay compensation. Accordingly, that judgment is affirmed. Appellant shall pay the cost of this appeal.
Affirmed.