TATE, Judge.
The trial court dismissed this workmen’s compensation suit as premature, and the plaintiff-employee appeals.
Under the compensation statute, a suit must be dismissed as premature if the court finds, as it did here, that the claimant’s petition has not truthfully alleged that his employer has refused to pay him disability compensation or to furnish him the medical treatment to which entitled. LSA-R.S. 23:1314.
The plaintiff contends that his suit for compensation benefits is not premature because of: (a) the defendant insurer’s refusal to pay a hospital bill; (b) its tardy payment of several weeks compensation; and (c) its failure to reimburse travel expenses for medical treatment.
We affirm the trial court’s holding that this compensation suit is premature.
(a) The insurer’s refusal to pay allegedly excessive hospital hills.
The employee Dugas was injured on September 3, 1965. He was immediately and continuously, furnished hospitalization and medical treatment.
The present suit was precipitated when on November 29th the insurer sent a letter to pay the hospital by enclosed draft of $549.15 for a previous eight days of hospitalization, but concluded: “We will not pay the remaining $32.00 as we will not pay more than $18.00 a day for room and board. Your charges for this service were $22.00 a day.”
Thereupon on January 17, 1966, Dugas filed suit, alleging: “The insurer is paying compensation and a portion of the medical expenses, but has failed and refused to pay some of the expense for reasonable and necessary medical expense.”
Dugas is thus relying upon the provision of the compensation statute that an employee is entitled to have the employer’s compensation liability determined whenever “the employee has not been furnished the proper medical attention”. LSA-R.S. 23 :- 1314. (Italics ours.)
The plaintiff employee did not miss receiving any medical treatment because of *181 this dispute between the insurer and the hospital. The employer therefore did not fail to “furnish” medical care because of this dispute. Insofar -as contended otherwise, this suit is premature. (As a matter of fact, shortly after suit the insurer paid the hospital the disputed balance of $32.)
(b) Single occasion of tardy payment of compensation.
When the suit was filed on January 17th, the plaintiff Dugas alleged that the insurer was paying compensation regularly. In fact, compensation payments had been instituted immediately after the injury and had been forwarded to the employee regularly thereafter.
However, the compensation of $70 due for the two-week period between January 1-15 was not paid. Due to a clerical error, this draft was not transmitted until January 27th. On that date, when the insurer discovered the error, a draft in the amount of $175 was mailed to cover the five-week compensation liability up to February 4th. The insurer has paid compensation regularly thereafter.
After this draft was received by him, and the deficiency thus discovered, the plaintiff on February 4th amended his petition to allege additionally that the defendant insurer was in arrears in the payment of compensation. However, as of the date of this amendment, which pleaded the contention for the first time, the insurer had paid the employee the full disability compensation to which he was entitled under the statute.
With regard to nonpayment of weekly compensation, the statute provides that a suit must be dismissed as premature unless the employee truthfully alleges that he “is not being or has not been paid, and the employer refused to pay the maximum” to which the employee is entitled. LSA-R.S. 23 -.1314.
No allegation of nonpayment of compensation was made when the suit was filed on January' 17th. The allegation of nonpayment of compensation was no longer factually available when the petition was amended on February 4th. Thus, under the express terms of the statute, the initially unpleaded tardy payment of compensation does not justify overruling the defendants’ plea of prematurity.
(c) Nonpayment of medical travel expenses.
The plaintiff-employee additionally contends that he is entitled to a judicial determination of his employer’s compensation liability because his employer failed to reimburse him for travel expenses incurred in connection with medical treatment. This is the strongest basis for contending that the suit is not premature.
An employee is entitled to recover reasonable traveling expenses incurred by him in connection with medical treatment as a proper medical cost of the injury, Murry v. Southern Pulpwood Insurance Company, La.App. 3 Cir., 136 So.2d 165, with the employee being entitled to file his suit to determine the employer’s compensation liability if the employer refuses after demand to pay these expenses. Walters v. General Accident & Fire Assur. Corp. Ltd., La.App. 1 Cir., 119 So.2d 550, 560-561, certiorari denied (this decision also allowed penalties for the insurer’s arbitrary nonpayment of travel expenses).
In the present instance, prior to this suit of January 15th, the insurer had reimbursed the plaintiff Dugas for $115.32 of traveling expenses. It had also paid nearly one thousand dollars of other medical expenses for the September 3rd injury. The circumstances of the failure to pay before trial some $35 of additional traveling expenses (which were subsequently paid) are as follows:
After the November dispute arose between the hospital and the insurer about *182 the $32 balance, Dugas was instructed by the hospital to return on January 11th for further surgery and an estimated 10-12 days of hospitalization. Accordingly, an attorney previously retained by Dugas wrote the insurer on his behalf to learn if the insurer would object to this rehos-pitalization for further surgery.
The final paragraph of the attorney’s four-paragraph letter concluded: “Otherwise, I should appreciate check to cover past travel expenses of our client not heretofore reimbursed, as well as check to cover travel and incidental expenses for the trip to be made to Ochsner Foundation Hospital in January.” No attempt prior to suit was made to itemize and particularize as to amount this vague request for reimbursement of travel expenses.
The insurer’s claims manager authorized the rehospitalization and further surgery but, by inadvertence he says, failed to note the claim for unpaid travel expenses. The claimant reported to the hospital on January 11th and was hospitalized until January 22nd. The insurer immediately (February 3rd) paid the $549 statement for this hospitalization. The insurer likewise authorized further hospitalization or surgery in March and again in May for a total additional nine hundred dollars of medical expenses, which it promptly paid.
 Since the insurer had previously reimbursed for similar travel expenses, and since it later authorized and promptly paid major hospitalization expenses, we feel certain that the insurer’s failure to pay the comparatively small sum due for reimbursement of travel expenses was neither intentional nor deliberate. Also, to entitle a claimant to reimbursement of these travel expenses he should itemize and prove them, Southall v. Kingsville Timber Co., La.App. 3 Cir., 168 So.2d 424; we therefore doubt that the insurer’s ignoring the claimant’s generalized demand for unspecified travel expenses would by itself justify an otherwise premature suit.
We were given some pause, however, by the circumstance that on January 25th the attorney for Dugas did send the insurer an itemized statement in the amount of $35 for reasonable travel expenses incurred prior to suit. For some unexplained' reason, this was not paid until after the trial of May 11th, even though the plaintiff’s interrogatories of April 26th had emphasized the nonpayment of these travel expenses. Of course, inefficiency or neglect on the part of an employer in the payment of compensation liabilities does not justify their tardy or non-payment. Hale v. Republic Drilling Co., La.App. 1 Cir., 109 So.2d 268, certiorari denied.
Nevertheless, we have concluded, although with some difficulty, that under all the circumstances of this suit the nonpayment of these travel expenses does not amount to the insurer’s refusal to pay them, nor to the default in its obligations under the compensation act to furnish medical expenses sufficient to save the employee’s compensation suit from prematurity.
We base this finding upon the following two circumstances:
In the first place, neither the original nor the amended petition specifically mentioned the nonpayment of these minor travel expenses. Technically, the allegations of the original petition of January 17th that the insurer had failed “to pay some of the expense for * * * medical treatment” may have included the nonpayment of this item. But, considering that the employee did not request reimbursement through proper itemization of the $35 travel expenses until after suit was filed, there was not shown to exist at the time of judicial demand any express or implied failure of 'the employer or insurer to pay compensation benefits as by itself to justify *183 this otherwise premature suit. Vidrine v. Argonaut-Southwest Insurance Company, La.App. 3 Cir., 166 So.2d 287.
In the second place, the record ■shows the insurer’s regular payment of ■disability compensation and its prompt authorization of and payment for major medical expenses before and after its failure to reimburse the plaintiff for his $35 travel expenses as itemized on January 25th after suit. Considering this, we do not think that the insurer’s inadvertent inattention to this •unreiterated minor request for travel expenses amounted to a direct or implied refusal of the insurer to discharge its obligation under the compensation law. In the absence of such a refusal a disabled employee’s suit is premature. LSA-R.S. 23 :- 1314; Mire v. Travelers Insurance Company, La.App. 3 Cir., 179 So.2d 487; see also: Boss v. Marquette Casualty Company, La.App. 3 Cir., 150 So.2d 67, certiorari denied; Malone, Louisiana Workmen’s Compensation, Section 383 (1951).
Neither circumstance by itself might have justified the sustaining of the defendants’ plea of prematurity. Taking them both into consideration, we find no error in the trial court’s judgment dismissing this suit as premature.

Decree.

Having found that the defendant employer and insurer have not refused to pay any compensation liability due by them to the plaintiff-employee, we affirm the dismissal of this compensation suit as premature. For the same reason, we affirm the trial court’s dismissal of the plaintiff’s claim for penalties under LSA-R.S. 22:658 based upon the- allegedly arbitrary refusal of the defendant insurer to pay compensation benefits despite prior demand. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed.