ELLIS, Judge:
This is a suit for workmen’s compensation benefits, penalties and attorney’s fees brought by Russell Romano against Alcus Davis, Construction and Developers, Inc., his employer, and U. S. Fidelity and Guaranty Insurance Company, its workmen’s compensation insurer. After trial on the merits, judgment was rendered in favor of plaintiff and against Construction and Developers, Inc. and U. S. Fidelity and Guaranty Company, awarding him benefits for permanent and total disability, but refusing penalties and attorney’s fees. From that judgment, the defendants cast have appealed, and plaintiff has answered the appeal, seeking penalties and attorney’s fees.
Plaintiff injured his back in the course and scope of his employment on March 10, 1972. He saw Dr. Edgar J. Feinberg on March 13, 1972, and received physiotherapy treatments until April 14, 1972. Dr. Fein-berg then referred plaintiff to Dr. Donald Richardson, a neurosurgeon. Dr. Richardson sent plaintiff to the Veteran’s Administration Hospital in New Orleans, where he was admitted on May 2, 1972.
On May 5, 1972, a left interlamellar removal of the L4-L5 disc, and a foraminoto-my at that level were performed. Plaintiff was discharged from the hospital on June 17,1972, and was seen at intervals thereafter at the Veterans Administration Hospital Clinic until June 6, 1973, when he was discharged to return to full activity.
Compensation payments, which had been paid in full until that time, were then discontinued by defendants.
Plaintiff then attempted to return to his trade as a bricklayer. He found that he could lay ordinary brick and small concrete blocks without any loss of efficiency, although he was forced to kneel to lay the lower courses. He testified that he needed additional help on some jobs; that he no longer took veneer work, because the preparation was too difficult, and that he was not able to work with the heavier eight-inch and twelve-inch blocks. He did, however, manage to find work fairly steadily from the time of his discharge until the time of trial. He further stated that his back would become sore from working, but apparently the pain is not such as to be disabling.
On November 7, 1973, at the behest of the defendant insurers, plaintiff was examined by Dr. Richard Levy, a neurosurgeon. Dr. Levy found no neurologic disability, but was of the opinion that plaintiff could not resume his employment as a bricklayer because of the orthopedic disability resulting from his back surgery. He estimated a five to ten per cent disability of the entire body, and recommended that plaintiff be treated by an orthopedist.
On April 5, 1974, plaintiff saw Dr. Daniel Sterling Sinclair, an orthopedic surgeon. Dr. Sinclair was of the opinion that he could lay ordinary bricks, but could not handle the heavier concrete blocks. He estimated a ten per cent disability of the entire body. After a subsequent examination on March 17, 1975, he found plaintiff’s condition essentially unchanged.
Defendants offered some testimony to the effect that less than seven per cent of the buildings built in the Bogalusa area in 1972 involved the use of concrete blocks and that in 1971 three per cent of the construction jobs involved use of concrete blocks.
In this court, defendants argue that the laying of concrete blocks is not a substantial part of the work of a bricklayer in the Bogalusa area, and that plaintiff cannot be considered disabled under the law, because he is unable to lay the larger blocks. They also claim that the trial court erred in finding that plaintiff was unable to work as a bricklayer without difficulty.
The medical opinion in this case is unanimous that plaintiff has a permanent ten per cent disability of his body, and that he is thereby restricted in what he can do. In addition, the trial judge accepted Mr. Ro *1311 mano’s testimony as to what he can and cannot do, and his conclusion in this respect is fully supported by the record.
In determining whether plaintiff is permanently and totally disabled under the law, we must consider not only his physical condition, and what work he can actually perform, but also his ability to compete with able bodied men in the labor market. If he is unable to perform substantial parts of the duties of his employment and is thereby placed in a disadvantageous competitive position in the labor market, the courts will find him to be permanently and totally disabled. Futrell v. Hartford Accident & Indemnity Company, 276 So.2d 271 (La.1973).
Applying this test, the trial court found plaintiff to be permanently and totally disabled under the law, and we find no manifest error in this determination. Plaintiff’s difficulties go beyond his inability to lay heavy concrete blocks, since he does not do veneer work and must employ extra help on occasion, in addition to having to work in pain, albeit not of a disabling nature.
Plaintiff has answered the appeal, asking for penalties and attorney’s fees, and for certain travelling expenses.
Defendants discontinued compensation payments when plaintiff was pronounced able to return to work at the Veterans Administration Hospital. The record shows that plaintiff has been working since that time. His ability to work as a brick mason is the major issue presented in this case, and there was a substantial dispute on the point. Under those circumstances, we do not believe defendants to have been arbitrary and capricious in discontinuing payments or in not resuming them when plaintiff’s mechanical disability was made known to them. Plaintiff is therefore not entitled to penalties and attorney’s fees.
Plaintiff also asks that he be granted travelling expenses for his trips to see the various doctors who have treated or examined him. Although it is proven that he made these trips, plaintiff has failed to prove how they were made or what expense was occasioned thereby. He has not borne his burden of proving these expenses, and we can make no award for them. Southall v. Kingsville Timber Co., 168 So.2d 424 (La. App.3rd Cir. 1964).
The judgment appealed from is affirmed, at defendants’ cost.
AFFIRMED.