416 So.2d 1311 (1982)
Bertha Lou CULP, Plaintiff & Appellant,
v.
BELDEN CORPORATION, Defendant & Appellee.
No. 82-27.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
*1312 Brousaard, Bolton & Halcomb, Roy S. Halcomb, Jr., Alexandria, for plaintiff & appellant.
Gahagan & Wilson, Donald R. Wilson and Paul Boudreaux, Jr., Jena, for defendant & appellee.
Before CULPEPPER, SWIFT and LABORDE, JJ.
CULPEPPER, Judge.
Mrs. Betha Lou Culp sues her former employer, Belden Corporation, for workmen's compensation benefits for total and permanent disability, plus penalties and attorney's fees. The district court awarded claimant maximum benefits for 100 weeks, plus any unpaid medical and travel expenses, subject to a credit for all payments previously made. The claim for penalties and attorney's fees was denied. From this judgment, claimant appeals and raises the following questions: (1) Whether the district court erred in failing to find the plaintiff totally and permanently disabled; (2) whether the district court erred in denying the claim for penalties and attorney's fees.

FACTS
Claimant, a licensed practical nurse and certified audiometric technician, was employed at Belden Corporation's Jena plant as "plant nurse." On May 25, 1978, while stooping over to retrieve or store supplies under an examining table in the first-aid room at the plant, she sustained the injury which was subsequently diagnosed as a low back strain. She received conservative treatment from her family doctor, who referred her to Dr. C. W. Lowery, an orthopedic specialist in Alexandria. Plaintiff continued working at Belden until September 17, 1978, at which time, she stated, she felt she could not fulfill the responsibilities of her job. She moved to Beaumont, Texas in January, 1979.
The medical testimony was that plaintiff had preexisting conditions of mild lordosis (sway back) and mild scoliosis (curvature of the spine), which were aggravated by the low back strain. The treatment prescribed by both specialists, Dr. Lowery of Alexandria and Dr. Starr of Beaumont, was conservativepain medication, muscle relaxers and exercise to strengthen the muscles of the lower back. The concensus of expert opinion was that the plaintiff has a weak back, which she must learn to live with and which will cause her mild and intermittent pain in the future. She should not do any heavy lifting (over 25-30 pounds) nor excessive bending or stooping. The opinion of all the medical experts was that the claimant was able to return to work as an LPN in a job not requiring heavy lifting or excessive stooping or bending.
Mrs. Culp reported her accident to her superior, who was in charge of processing *1313 workmen's compensation claims, the day after it occurred. Claimant completed the report, this being one of her duties. She was paid benefits from the time she stopped working as Belden's plant nurse through the date of the trial, but there is a dispute concerning an interruption in payment.
The trial court found that although the plaintiff probably has minimal residual limitations in her ability to perform some duties required of nurses in some employments, she was physically able to return to the same type of work she was doing at the Belden plant at the time of the accident. He held that under LSA-R.S. 23:1221(4)(p) she was entitled to compensation for only 100 weeks from the date of her accident, and he denied the claim for penalties and attorney's fees. He further held that while Belden was not entitled to recover any benefits which may have been paid in excess of those due, it could offset this amount against plaintiff's claim for unpaid medical or travel expense. From this judgment, the claimant appeals, raising the issues of permanent disability and entitlement to penalties and attorney's fees.

PERMANENT DISABILITY
The record shows that the duties of the plant nurse at Belden's Jena plant consisted primarily of clerical duties, such as preparing and maintaining files, keeping medical records, and typing. The actual nursing activities consisted of rendering basic first-aid, treating minor injuries, checking blood pressure and hearing, and determining whether or not an injured or ill employee needed to see a doctor. She never saw more than 10 persons in one day for medical reasons, and on most days much less than that number. When a patient was not ambulatory and required moving, other employees were always available to assist. Furthermore, in the years that Mrs. Culp was Belden's plant nurse, there had been very few stretcher cases, none of which she was required to lift herself.
We recognize that a worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Lattin v. HICA Corporation, 395 So.2d 690 (La.1981); Wilson Ebasco Services, Inc., 393 So.2d 1248 (La.1981). Furthermore, substantial pain cases now must be analyzed within the framework of the odd-lot doctrine adopted by the Louisiana Supreme Court in Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980) and further explained in Oster v. Wetzel Printings, Inc., 390 So.2d 1318 (La.1980). See Lattin v. HICA Corporation, supra; Wilson v. Ebasco Service, Inc., supra; Calogero v. City of New Orleans, 397 So.2d 1252 (La. 1980). As stated in Lattin, supra:
"[2, 3] Under the odd lot doctrine, a claimant is considered totally disabled if his injury makes him an odd lot in the labor market, that is, one capable of obtaining employment periodically but one whose services are so limited in quality, dependability or quantity that a reasonably stable market for his services does not exist. An odd lot claimant need not be absolutely helpless to qualify for total disability. If the claimant can prove that his physical condition, mental capacity, education, training age or other factors combine to place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the odd lot category. This satisfies his burden of proving that he should be awarded benefits for permanent and total disability. The employer or insurer must then show that some form of gainful occupation is regularly and continuously available to the employee within reasonable proximity to the employee's residence.
["4,5] The odd lot doctrine is also applicable to substantial pain cases because a worker who, due to his injury, can function only with substantial pain or with the help of fellow workers may not be considered a particularly desirable employee. Thus, if a claimant's pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he can be treated as an odd lot worker and be *1314 awarded total disability, unless there is proof that jobs are realistically available to him."
The expert medical testimony is that plaintiff would probably have back pain with heavy lifting or prolonged bending or stooping, but that this will not prevent her from returning to employment in the nursing profession which does not entail such activities.
Mrs. Culp testified that not only did her back cause pain with bending and lifting, but also began hurting when she sat for long periods of time. Although the job at Belden's entailed typing, she admitted there was nothing which would have prevented her from taking a break to move around and rest her back if necessary, while she worked.
Appellant has not returned to work at Belden. Her request to return on a part-time basis was rejected, but her return as a full-time worker would have been acceptable. She was terminated as a Belden employee only when she notified the company that she and her family were moving to Beaumont, Texas, several months after her injury.
Mrs. Culp points to the rejection of her application for employment by a hospital in Beaumont as evidence that her ability to compete in the labor market is greatly diminished. There was, however, testimony by an expert in occupational health nursing to the effect that the majority of jobs in that field do not involve strenuous activity, and that there are other employees around to assist with any heavy lifting required. The job of a nurse in a hospital environment, however, would necessarily entail much more lifting, exertion, and standing for long periods of time. While the claimant has not returned to work as an occupational health nurse, she has successfully done private nursing which involved more lifting and physical activity than a job in the occupational health field. Mrs. Culp is also a certified audiometric technician, qualified to perform hearing tests. She stated that the schools in her area did not require anyone to conduct hearing examinations, and she could not get a job in this field.
A claimant will not be held to be disabled solely because he suffers some residual pain and discomfort when he attempts to work following a work-related accident. The residual pain or discomfort in such a circumstance will be considered disabling only if it is substantial or appreciable pain. See Dusang, supra; Augustine v. Courtney Construction Company of Alexandria, Inc., 405 So.2d 579 (La.App. 3rd Cir. 1981); and Hollis v. Travelers Insurance Company, 368 So.2d 154 (La.App. 3rd Cir. 1978). Whether a claimant's pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case. Augustine v. Courtney Construction Company of Alexandria, Inc., supra; Guidry v. Ford, Bacon & Davis Construction Corporation, 376 So.2d 352 (La.App. 3rd Cir. 1979).
The claimant has the burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled. Augustine v. Courtney Construction Company, supra; Guidry v. Ford, Bacon & Davis Construction Corporation, supra; Guidry v. Ford, Bacon & Davis Construction Corporation, supra. Whether or not this claimant has carried the burden of proving disability must be determined by examining the totality of the evidence, including both lay and medical testimony. Augustine, supra; Crawford v. Al Smith Plumbing & Heating Service, Inc., 352 So.2d 669 (La.1977).
On appellate review, the trial court's factual findings on the issue of disability are entitled to great weight. They should not be disturbed unless clearly wrong. Crump v. Hartford Accident & Indemnity Company, 367 So.2d 300 (La.1979). The trial court found the appellant failed to prove substantial pain prevented her from performing types of work which were available to her. We discern no clear error in this finding of fact by the trial court.
*1315 PENALTIES AND ATTORNEY'S FEES
Appellant contends she is nevertheless entitled to penalties and attorney's fees as a consequence of the defendant's arbitrary and capricious termination of benefits in December, 1979, and also because of the failure to pay certain travel expenses incurred in connection with medical treatment.
The record shows that Mrs. Culp received benefits regularly from the time she ceased working in September, 1978, through November 25, 1979. Belden thereafter failed to pay her until February 8, 1980, when benefits were paid to cover the period up through January 13, 1980. Thereafter, benefits were paid until after the trial.
A Belden employee testified the benefits were terminated because of a misunderstanding caused by Mrs. Culp's attorney writing a letter stating she was working part-time in Beaumont and therefore had some earnings which should be credited against her weekly benefits. In December of 1979, plaintiff's attorney actually returned to Belden two checks for cancellation because the claimant earned in excess of the weekly benefits. The workmen's compensation supervisor for Belden testified it was felt that if Mrs. Culp was going to work, even just part-time, this was an unsatisfactory method of discerning exactly how much she was entitled to receive from it each week, inasmuch as it was after the fact of payment and the company received no documentation thereof. Mr. Campbell stated the company wish to avoid overpayment in order to keep the records straight. Belden is self-insured.
It is well-settled that compensation benefits may not be discontinued when it is known that the employee is at least partially disabled. Such arbitrary action will subject the employer to statutory penalties. Fruge v. Pacific Employers Insurance Company, 226 La. 530, 76 So.2d 719 (1954); King v. Insurance Company of N. A., 288 So.2d 878 (La.App. 3rd Cir. 1974).
However, we do not believe the defendant was arbitrary or capricious in discontinuing payments here when it learned that plaintiff was working, inasmuch as this fact led to a substantial question as to whether benefits were still due the employee, and if so, how much. See Romano v. Davis, 339 So.2d 1309 (La.App. 1st Cir. 1976). The trial judge obviously found the defendant was in good faith in attempting to work out an acceptable solution for determining the correct amount to pay the claimant each week, which finding of fact by the trial court is entitled to great weight. See Andrus v. Rimmer & Garrett, Inc., 316 So.2d 433 (La.App. 3rd Cir. 1975). We find no error in this holding of the district court.
The plaintiff also argues that the defendant was arbitrary and capricious in failing to reimburse her for various small travel expenses. Each of these claims, in amounts ranging from $4.00, was separately reported to Belden, but no verification therefor was furnished the company. A careful reading of the record reveals no positive evidence that these items had not been paid, or that the failure to pay them, if any, was arbitrary and capricious. Therefore, we cannot say that the trial court was clearly wrong in holding that Belden did not arbitrarily refuse to pay these items.
We affirm the trial court's denial of penalties and attorney's fees.
For the above and foregoing reasons, the judgment appealed is affirmed. All costs of appeal are assessed against plaintiff-appellant.
AFFIRMED.
LABORDE, Judge, dissenting.
I dissent for the reasons which I expressed in Lastrapes v. CNA Ins. Co., 401 So.2d 658 (La.App. 3rd Cir. 1981).