KNOLL, Judge.
Goldrus Drilling Company (hereafter referred to as Goldrus) lodged this appeal contesting the trial court’s finding that Danny Heath (hereafter referred to as Heath) sustained an injury which diminished his ability to compete in the labor market, to the extent that he should be considered an odd-lot worker and therefore totally and permanently disabled. Heath answered the appeal requesting that attorney’s fees be increased from $5,000.00 to $10,000.00.
FACTS
Heath sustained an injury to his right foot while in the course and scope of his employment for Goldrus. He had been an employee of Goldrus for approximately ten months when the accident occurred on December 12, 1980. Heath was attempting to change a bit when an elevator suddenly opened causing a lift nipple, weighing in excess of 300 pounds, to fall on his right foot. His fifth toe was almost completely amputated by the accident. Heath was immediately transported to Our Lady of the Lake Hospital in Baton Rouge where he was examined by Dr. John Loupe, an orthopedic surgeon. Dr. Loupe tried to save Heath’s toe, which subsequently had to be amputated to the fifth metatarsal head.
Dr. Loupe continues to treat Heath since his injury. On May 13, 1981, Dr. Loupe sent a letter to Aetna Life and Casualty Insurance Company, Goldrus’s insurer, releasing Heath to return to work. Another letter followed on July 15, 1981, stating that Heath was still having some pain and his physical impairment would be in the range of 10% to his right lower extremity.
At the time of the accident Heath was earning $6.49 per hour as a floorman and was working an average of sixty hours per week. He also received bonuses every two months averaging $900.00, and a per diem of $20.00 per day. He was paid biweekly, *532 bringing home approximately $930.00, in addition to his bonuses. Workmen’s compensation benefits in the amount of $163.00 per week were paid to Heath from the date of his injury until May 11, 1981. Thereafter, he received benefits averaging $49.00 per week until December 11, 1981.
ODD-LOT DETERMINATION
The Louisiana Supreme Court adopted the odd-lot doctrine as the guiding concept in determining total disability in the cases of Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980) and Turner v. American Mutual Insurance Company, 390 So.2d 1330 (La.1980).
“In order to determine whether the plaintiff fits within this category of odd-lot workers, he must show that because of his physical impairment, mental capacity, education, training, age, availability of employment in his area, and any other relevant factor, that he ‘cannot perform the substantial and material parts of some gainful work or occupation with reasonable continuity.’ Reese v. Preston Marketing Assoc., 274 Minn. 150, 142 N.W.2d 721, 723 (1966). If the plaintiff is successful in showing a combination of factors indicating that the services which he is able to render are so limited in quality, quantity, or dependability that a market for his labor does not exist within which he can effectively compete, he has presented a prima facie case for classification in the odd-lot category. An offering of such proof by the plaintiff, therefore, satisfies his burden of proving that he should be awarded benefits for permanent and total disability. The defendant employer then has the onus of showing that there are jobs which are available to provide a steady income to the plaintiff or that will provide him with ‘a gainful occupation.’ ” Oster, supra.
In Lattin v. Hica Corp., 395 So.2d 690 (La.1981), the Court noted that the odd-lot concept should be applied to substantial pain cases. There the Court stated:
“The odd lot doctrine is also applicable to substantial pain cases because a worker, who, due to his injury, can function only with substantial pain or with the help of fellow workers may not be considered a particularly desirable employee. Thus, if a claimant’s pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he can be treated as an odd-lot worker and be awarded total disability, unless there is proof that jobs are realistically available to him.”
The pain suffered by the claimant must be substantial or appreciable. “A claimant will not be held to be disabled solely because he suffers some residual pain and discomfort when he attempts to work.” Culp v. Belden Corp., 416 So.2d 1311 (La.App. 3rd Cir.1982). However, in determining the claimant’s status this factor will not be considered alone, but in conjunction with other relevant factors. If the claimant can prove that his physical condition, mental capacity, education, training, age or other factors combine to place him at a substantial disadvantage in the labor market, he has made out a prima facie case for classification in the odd-lot category. Lattin, supra.
Dr. Loupe’s testimony established that the plaintiff’s pain should diminish and the injury should heal in eighteen months or more. He testified as follows:
“I don’t think he’ll have continuous pain in the future. Once the calcium is completely returned to the bone and his condition is such that his scar and everything is healed, which may take eighteen months for the scar to, so to speak, completely heal and shrink down and do what scar tissue does over a period of eighteen months. After that time, I don’t think that he would have continuous pain, no, but I think until that time he may have pain.”
He stated that in the future the plaintiff would have difficulty climbing ladders, walking on rough terrain, and doing any form of jumping, but with the proper treatment and precautions Heath could probably return to work.
*533 After the accident Heath attempted to work for his uncle, building and installing doors. He is presently employed by Florida Rock Industries in a sedentary job earning $4.35 per hour. Considering both the lay and medical testimony presented and other relevant factors, we find that the plaintiff has not established a prima facie case of odd-lot status. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); 42 La.L.Rev. 620 (1982).
Heath graduated from a Florida high school where he was an honor student and a member of the Beta Club. In the Air Force he was a dispatcher and attained the rank of “Buck Sergeant”. He is twenty-five years of age and is in good health except for the injury to his foot. His disability has limited him to less strenuous jobs, but it cannot be said that Heath is at a severe disadvantage in competing with others in the labor market. Allor v. Belden Corp., 393 So.2d 1233 (La.1981).
We find that Heath’s injury produced a temporary total disability from December 12,1980, the date of the accident, until May 11, 1981, when Dr. Loupe released him to return to work. The preponderance of the evidence shows that Heath can no longer perform the duties of an oil field floorman in which he was customarily engaged when injured. LSA-R.S. 23:1221(3). His condition does not, however, preclude him from engaging in gainful employment. After May 11, 1981, we find him to be partially disabled within the meaning of LSA-R.S. 23:1221(3).
“(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond a maximum of four hundred weeks for such partial disability resulting from injury occurring on and after September 1, 1975, and on or before August 31, 1976; and not beyond a maximum of four hundred twenty-five weeks for such partial disability resulting from injury occurring on and after September 1, 1976, and on or before August 31,1977, and not beyond a maximum , of four hundred fifty weeks for such partial disability resulting from injury occurring on and after September 1, 1977; provided further that for any week during which the employee is paid any compensation under this subdivision (3) the employer shall be entitled to a reduction of one full week of compensation against the maximum number of weeks for which compensation is payable under this subdivision (3) and for any week during which the employee is paid no compensation, because of the employee’s actual earnings during that week, the employer shall not be entitled to a reduction for that week against the maximum number of weeks for which compensation is payable under this subdivision (3), and in no event shall the total, number of weeks of compensation for such partial disability under this subdivision (3) be increased beyond the maximum number of weeks stated in this subdivision (3).”
Benefits payable to one partially disabled are fixed under LSA-R.S. 23:1221(3). The plaintiff is entitled to weekly workmen’s compensation payments calculated at sixty-six and two-thirds per centum of the difference between the wages plaintiff was earning at the time of the injury and any lesser wages which plaintiff has actually earned in any week during the period of his partial disability, but not beyond a maximum of 450 weeks, with legal interest on each past due installment until paid, subject to such credits as the defendant employer is enti- *534 tied to under the provisions of LSA-R.S. 23:1221(3).
PENALTIES AND ATTORNEY’S FEES
Statutory penalties and attorney’s fees are provided in LSA-R.S. 23:1201.2:
“A. Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney’s fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due, and all reasonable attorney’s fees for the prosecution and collection of such amount. Any such employer who at any time discontinues payment of claims due and arising under the provisions of this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the penalties set forth above, payable to the claimant, together with all reasonable attorney’s fees for the prosecution and collection of such claims. The provisions, of R.S. 23:1141 limiting the amount of attorney’s fees shall not apply in cases wherein the employer is found liable for penalties and attorney’s fees under the provisions of this Section.
B. The notice required by the provisions of this Section may be given or made by any person claiming to be entitled to compensation, or by any one on his behalf, and shall contain the information and signature required by R.S. 23:1293 and shall be given as required by R.S. 23:1294. Added Acts 1958, No. 432, § 1.” The trial court held: “This court is of the opinion that the failure [to pay] the compensation due March 28 — April 10,1981 for many weeks in spite of demand and thereafter to pay benifits [sic] only in the amount of $49.00 per week is arbitrary and incorrect under the facts of this case and subjects defendant to penalties and attorney fees. Considering the work sheet submitted by plaintiff’s attorneys and previous awards in such cases, this court fixes attorney fees in the amount of $5,000.00.”
We find that the record amply supports the trial court’s award of penalties and attorney’s fees and we find no abuse in its discretion.
For the foregoing reasons, the judgment of the trial court awarding total and permanent disability benefits to plaintiff is hereby vacated and set aside and the judgment is hereby recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Danny Heath, and against the defendants, Gdldrus Drilling Company and Aetna Casualty & Surety Insurance Company, jointly, severally, and in solido, awarding unto the plaintiff workmen’s compensation benefits as for permanent partial disability under the provisions of LSA-R.S. 23:1221(3), which benefits are to be calculated at 66%% of the difference between the wages plaintiff was earning at the time of the injury and any lesser wages which plaintiff has actually earned in any week during the period of his partial disability, beginning May 11, 1981, but not beyond a maximum of 450 weeks with legal interest on each past due installment until paid, subject to such credits as the defendant-employer is entitled to under the provisions of LSA-R.S. 23:1221(3).
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in all other respects, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against appellant.
AFFIRMED, AS AMENDED, AND RENDERED.