KNOLL, Judge.
Jessie Andrus, appellant, brought this workmen’s compensation action against the Lafayette Parish School Board (hereafter referred to as School Board). The trial court rendered judgment in favor of the School Board, finding that Mr. Andrus was not disabled and could return to work. The sole issue to be determined on appeal is whether or not the appellant is an odd-lot worker and thus entitled to compensation for permanent total disability in accordance with LSA-R.S. 23:1221(2).
FACTS
Mr. Andrus had been employed as a janitor by the School Board at St. Antoine School for fifteen years. He is fifty-nine years of age, has a fifth grade education and his job training is limited to physical labor. On April 7, 1981, Mr. Andrus was removing an eight foot door from an air conditioner to get to the filter. He began to feel a slight pain in his lower back. He removed the filter and stooped down to cut it but was unable to get up because of his back. He immediately reported the accident to the school principal, Mrs. Juanita Thibeaux.
Mr. Andrus was first treated by Dr. Bix-enman, a chiropractor, for eight days. On April 14, 1981, he was treated by Dr. Fred C. Webre, an orthopedist recommended by the School Board, who found that he had limited motion of his back. An x-ray was taken which revealed a mild degree of narrowing of the L — 4, 5 and L-5, S-l inter-space. Dr. Webre diagnosed Mr. Andrus as having sustained a back strain and recommended rest.
Mr. Andrus was again examined by Dr. Webre on May 7, 1981, when he found Mr. Andrus had no continuing disability and could return to work. Mr. Andrus continued to complain of pain in his lower back and felt that he was unable to return to work.
On July 21, 1981, Mr. Andrus was examined by Dr. Homer D. Kirgis, a neurosurgeon, who found a marked degree of spasm of the lumbar paraspinous muscles with severe restriction of mobility of the lower back. He felt that if Mr. Andrus’s symptoms persisted to their present degree, Mr. Andrus should seek surgical treatment. Dr. Kirgis did, however, suggest that Mr. An-drus seek psychological treatment to determine whether he was feigning some degree of discomfort or disability.
Mr. Andrus’s workmen’s compensation benefits were terminated on June 6, 1981, based on Dr. Webre’s report. By letter dated January 6, 1982, the School Board notified Mr. Andrus that it felt there was no alternative but to terminate him, effective November 1, 1981, since he did not furnish it with a statement from a physician indicating that he was not able to return to work and he showed no indication of returning to work.
Mr. Andrus was again examined by Dr. Webre on August 9, 1982, when he complained of pain in his lower back on the left side. Dr. Webre concluded that Mr. Andrus had no particular problem that would require treatment and he found no reason why he could not return to work.
ODD-LOT DETERMINATION
The appellant contends that the combination of his physical impairment, age, job training, and education place him at a substantial disadvantage in the competitive labor market. He urges that his injury has limited his physical activities and he is unable to work without considerable pain.
If appellant had proved that his physical condition, mental capacity, education, training, age or other relevant factors combined to place him at a substantial disadvantage in the labor market, he would have made out a prima facie case for classification in the odd-lot category. Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La. 1980). The odd-lot doctrine also applies to substantial pain cases. Lattin v. Hica Corp., 395 So.2d 690 (La.1981). The pain suffered by the appellant must be substan *293 tial. “A claimant will not be held to be disabled solely because he suffers some residual pain and discomfort when he attempts to work.” Culp v. Belden Corp., 416 So.2d 1311 (La.App. 3rd Cir.1982).
There are conflicting testimonies regarding the extent of Mr. Andrus’s injury and his physical impairment. Dr. Webre testified that Mr. Andrus has a mild degree of narrowing of the L-4, 5 and S-l inter-space with degenerative changes in his neck and lower back. Dr. Webre further stated that Mr. Andrus might have a small amount of pain, but not considerable enough to prevent him from performing his janitorial duties.
Dr. Kirgis found that Mr. Andrus had a marked degree of spasm of the lumbar par-aspinous muscles. He stated that:
“A. Well, I thought if he continued to insist that he was not able to work, and continued to use the cane, and seemed to be at least considering himself disabled, that possibly we should go ahead and take a myelo-gram. But it’s just possible that before a myelography is performed, you should have a psychological evaluation and psychiatric evaluation.
Q. Why?
A. Because it’s my impression, as I indicated in the report, or at least in my notes, the comment that he moved his back in a rather bizarre manner and at this examination actually seemed to me to be a fain [sic] in some degree of discomfort and disability, but I think that’s something for a psychologist or a psychiatrist to evaluate...”
Other testimonies were introduced by the defendant that established Mr. Andrus’s injury was not disabling.
The trial court’s factual findings will not be disturbed on review by the appellate court absent manifest error. Canter v. Koehring, 283 So.2d 716 (1973). We find that the evidence supports the trial court’s factual finding. It did not commit manifest error. Therefore, the appellant has not presented a prima facie case for classification in the odd-lot category.
For the foregoing reasons, the judgment of the trial court is affirmed, assessing the appellant with costs of this appeal.
AFFIRMED.