STOKER, Judge.
Plaintiff, Efton Thomas, appeals from the dismissal of his suit for worker’s compensation benefits against Aetna Casualty & Surety Company, the worker’s compensation insurer for plaintiffs employer Hawk Pipe Service. We affirm.
Mr. Thomas injured his shoulder at work on March 16, 1982, while lifting a pipe. The parties stipulated to the occurrence of the accident and to the payment of worker’s compensation benefits in the amount of $183.00 for fourteen weeks. Compensation was terminated on June 23, 1982. The parties also stipulated that the compensation rate should be $133.01. Apparently Aetna overpaid Mr. Thomas for fourteen weeks, but it has made no claim for set-off.
On appeal, Mr. Thomas claims that the trial court erred in failing to find him totally and permanently disabled and in failing to award penalties and attorney’s fees. Because we affirm the trial court’s finding as to disability we do not reach the issue of penalties and attorney’s fees.
The only medical evidence presented at trial consisted of the deposition of Dr. Louis C. Blanda, Jr., an orthopedic surgeon. Mr. Thomas first saw Dr. Blanda on March 24, 1982, at which time Dr. Blanda suspected that the shoulder injury was a rotator cuff tear. Dr. Blanda ordered a test called an arthrogram in order to determine if the injury was severe. The arthro-gram was negative and it was Dr. Blanda’s opinion on April 12, 1982, that the injury was a small tear or strain and should be treated conservatively.
Dr. Blanda saw Mr. Thomas regularly after that time, prescribing physical therapy and administering some pain killers. Mr. Thomas was improving at each subsequent visit and on June 23, 1982, Dr. Blan-da discharged him to return to work. At this time, Dr. Blanda reported that Mr. Thomas had a “good range of motion and normal findings as far as muscle strength is concerned.” On the basis of these findings by Dr. Blanda, Aetna terminated compensation payments.
By letter dated June 30,1982, counsel for Mr. Thomas requested that Aetna reinstate benefits claiming that Mr. Thomas remained disabled. Aetna refused and this suit was filed.
In support of his claim that he remains disabled, Mr. Thomas relies primarily on the testimony of himself, his mother, and a neighbor, Curtis Celestine. Both Mr. Thomas and his mother testified that he has been unable to work since his accident because of the pain in his shoulder. Each testified that his efforts to do work around the house were unsuccessful. Mr. Celes-tine testified that Mr. Thomas once tried to mow his yard in July of 1982 but was *1291 unable to finish because of the pain in his shoulder.
Mr. Thomas testified at trial that he has continuously been in pain since his accident. Contrary to Dr. Blanda’s statements, Mr. Thomas claims that he was still complaining of pain on June 23, 1982. Mr. Thomas admitted that he did not return to work after being discharged by the doctor because he did not have transportation from his home in Ville Platte to the job in Lafayette.
Since being released by Dr. Blanda on June 23, Mr. Thomas has sought no further medical treatment. Dr. Blanda admitted that if the patient had continued to have pain he would have continued treatment and testing, but the trial court was not convinced by the lay testimony that Mr. Thomas had continued to suffer. In this regard, the trial court stated:
“This Court was not favorably impressed with plaintiff’s lay witnesses for a number of reasons, including the fact that he never sought medical aid from a local physician, the defendant insurance company, or even the Charity Hospital. It would be reasonable to expect if the man was disabled or suffering great pain he would at least have sought the services of a general practitioner and/or made a request of the insurance company for a medical examination and treatment.”
The trial court’s factual findings as to disability are entitled to great weight and should not be disturbed unless clearly wrong. Culp v. Belden Corporation, 416 So.2d 1311 (La.App. 3rd Cir.1982). We are aware that medical and lay testimony must be considered in determining disability; however, it is the trial court’s function to determine the weight accorded to that testimony. Fredericks v. Associated Indemnity Corporation, 401 So.2d 575 (La.App. 3rd Cir.1981). The trial court in this case was not clearly wrong in its disability determination. More weight was given to the doctor’s unqualified opinion rather than the plaintiff’s somewhat contradictory testimony.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.